# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>CHEN N. HO, et al.,<br><br>   Defendants. | Case No. 1:13-cv-00647 DLB PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |

Plaintiff Vincent Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013. He names Dr. Chen Ho, Officers A. Molina, D. Aguinaga, J. Hernandez and R. Ramirez, Sergeant R. Redding, LVN K. Dias and Senior Hearing Officer L. Ybarra as Defendants.[1]

On January 2, 2014, the Court screened Plaintiff's complaint and found a cognizable Eighth Amendment excessive force claim against Defendants Molina, Aguinaga, Hernandez and Ramirez. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims.

On January 21, 2014, Plaintiff informed the Court of his willingness to proceed only on the cognizable claims.[2] Accordingly, the Court now issues this order dismissing the remaining claims and Defendants.

---

[1] On May 22, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.
[2] Plaintiff will be instructed on service by separate order.

1

## A. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## B. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in Pleasant Valley State Prison ("PVSP"), where the events at issue occurred.

Plaintiff alleges that on July 29, 2012, he got down off of the top bunk and reinjured his back. Plaintiff, bent-over, made it to the officer's station. Officer Rodriguez called the medical clinic and was told to send Plaintiff over.

2

When Plaintiff arrived at the clinic (in a wheelchair and with the help of an inmate), he was told that he would be seen on July 31, 2012. Plaintiff requested pain medication, but was told to ask the doctor on July 31.

Plaintiff went back to his building and was "left in that condition" until July 31. On July 31, Plaintiff limped, bent over, to the medical clinic. Defendant Molina and other officers laughed at Plaintiff's condition when they saw him limp into the clinic.

When Plaintiff entered Defendant Ho's office, he was bent over and in extreme pain. Plaintiff told Defendant Ho what happened, and Defendant Ho told him to jump up and down. Plaintiff told him that he had a back problem and that it was hurting. Defendant Ho asked Plaintiff if he was allergic to anything, and Plaintiff said, "No." Defendant Ho told Plaintiff he was going to give him Motrin, but Plaintiff told him that he could not take Motrin anymore because of his stomach ulcers. Defendant Ho acted like he had become angry and for no reason, called Defendant Molina. When Defendant Molina entered, Defendant Ho said, "he's done and he can go!" Compl. 5.

Plaintiff asked what he had done wrong and Defendant Molina told him to never mind and get on his feet, while grabbing his left arm. Molina yanked Plaintiff out of his chair by the left arm and bruises instantly appeared. Plaintiff yelled that he was in pain because of his back and he could not stand up. Plaintiff fell and sprawled out on the floor, landing on his right side and pinning his right arm under him. Molina still had Plaintiff's left arm and ordered Plaintiff to give him his right arm. As Plaintiff was trying to comply with the order, Molina pushed the alarm.

Defendant Aguinaga responded to the alarm and jumped on Plaintiff's back, without provocation. He grabbed Plaintiff's right leg and pulled it back while he was lying on Plaintiff's lower back. Plaintiff was still trying to give Molina his right arm and told Aguinaga that he was hurting him. Plaintiff was in so much pain that he began to throw up.

Defendant Ramirez responded to the alarm and yelled, "Don't spit on me!" Compl. 5. Ramirez immediately placed his boot on the side of Plaintiff's face and pushed down so hard that Plaintiff thought he was going to crush the side of his face. Plaintiff screamed out in pain and Ramirez yelled out for a spit mask. Ramirez then said, "hog tie-em!" Compl. 6.

Defendant Hernandez also responded to the alarm. He slid in next to Aguinaga and put his knee on Plaintiff' back. Plaintiff was screaming in pain and begging someone to help.

All of the officers then hog-tied Plaintiff. Hernandez and Aguinaga grabbed Plaintiff's arms and bent them up behind his back and handcuffed him. Molina moved around to hold Plaintiff's legs while Ramirez smashed his boot on the left side of Plaintiff's face and put on the spit mask. Plaintiff's legs were then tied down and cuffed to his wrist with a linking chain. Plaintiff was lying on the floor, on his stomach, with his arms and lefts in the air behind him. Plaintiff was left in that position for ten minutes before Defendant Redding responded to the alarm.

Redding told the officers to move Plaintiff to a holding cell. Ramirez took his boot off of Plaintiff's face and Molina and Aguinaga told Plaintiff to get up while laughing at him. Ramirez, Aguinaga, Molina and Hernandez then lifted Plaintiff up, while he was still hog-tied, and dragged him to a holding cell. They threw him into the holding cell on his stomach. Defendant Redding requested a wheelchair so that they could take Plaintiff to program office. Ramirez came with the wheelchair and Molina and Aguinaga told Plaintiff to stand up, while still laughing at him. Plaintiff said that he couldn't stand and was hurting badly. Molina and Aguinaga lifted him up and Ramirez took him to the program office in the wheelchair.

When he got to the program office, Defendant Dias, who was aware of Plaintiff's situation because she is Defendant Ho's assistant, falsified Plaintiff's medical report of his injuries. She had a "nasty" attitude and was short with Plaintiff. She was indifferent to Plaintiff's pain and did nothing to help him. Defendant Dias asked Plaintiff where he was hurting and Plaintiff responded that his lower back, stomach and head hurt. After that, Defendant Dias left.

Plaintiff was still sitting in the wheelchair, hog-tied, when he heard a sergeant say that Aguinaga needed to come to the office so that their reports would say the same thing. She told Ramirez to untie Plaintiff and he was sent back to his unit until the morning. Ramirez offered to push Plaintiff back to his cell, as if nothing had happened.

On July 31, 2012, Plaintiff received a Rules Violation Report. The matter was heard on August 9, 2012, before Defendant Ybarra. During this time, Plaintiff was still on the top bunk and in pain. When Plaintiff got to the program office, the officers that were supposed to be on the yard

"started red eyeing and mean mugging" Plaintiff. Compl. 8. Plaintiff got to the Lieutenant's desk and the Lieutenant said that he only wanted to know if Plaintiff was guilty or not guilty. Plaintiff felt intimidated and thought he might get attacked if he didn't plead guilty. Plaintiff pled guilty and didn't hear anything else after that because he wanted to get out of the office quickly.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment based on excessive force and/or failing to protect Plaintiff. Plaintiff states that those Defendants who did not use excessive force "chose to turn a blind eye" to the assaults. Compl. 3.

C.  **ANALYSIS**

1.  Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

In his complaint, Plaintiff alleges that he complied with orders and did not provoke the use of force. Despite this, Defendant Molina sounded the alarm and then, with the assistance of Defendants Aguinaga, Ramirez and Hernandez, proceeded to hog-tie Plaintiff. While doing so, they ignored Plaintiff's complaints of pain. At this stage of the proceedings, these allegations are sufficient to state a claim against Defendants Molina, Aguinaga, Ramirez and Hernandez.

### 2. Eighth Amendment- Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by others may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

#### a. *Defendant Redding*

Plaintiff alleges that Defendant Redding responded to the alarm after he had already been tied up. When he saw Plaintiff tied up, he ordered the officers to move him to a holding cell. Defendants Molina, Aguinaga, Hernandez and Ramirez then dragged Plaintiff to the cell, about twenty feet away, and threw him into the cell on his stomach. Defendant Redding ordered a wheelchair so that Plaintiff could be taken to the program office and then left.

To the extent that Plaintiff alleges that Defendant Ramirez failed to protect him from the assault that resulted in him being tied up, Defendant Redding came to the scene after that incident and there is no indication that he knew what was happening and failed to stop it.

Similarly, while Plaintiff alleges that Defendant Redding ordered the other officers to take him to a holding cell and was present as the officers allegedly dragged Plaintiff and threw him into the cell on his stomach, this is insufficient to state a failure to protect claim. Again, there is no indication that Defendant Redding knew of a threat and failed to prevent it. Although he may have been present, Plaintiff does not allege facts to demonstrate that Defendant Redding knew that his orders to take Plaintiff to a holding cell would cause harm, i.e., that he would be thrown into the cell on his stomach. The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351

6

F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

      b.    *Defendant Ho*

Plaintiff alleges only that Defendant Ho appeared to become angry when Plaintiff told him that he could not take Motrin, and then called Defendant Molina. When Defendant Molina entered, Defendant Ho said, "he's done and he can go!" Compl. 5.

Again, however, there is no indication that Defendant Ho knew that by calling Defendant Molina, Plaintiff would face the alleged use of excessive force. Plaintiff therefore fails to state a claim against Defendant Ho.

      c.    *Defendant Dias*

Plaintiff alleges that Defendant Dias falsified a medical report and did not provide Plaintiff with treatment. This does not state a failure to protect claim against Defendant Dias.

      d.    *Defendant Ybarra*

The exact nature of the allegations against Defendant Ybarra is not clear. He alleges that Defendant Ybarra was the Senior Hearing Officer during the August 9, 2012, hearing. He then explains that that the "Lieutenant" said that he only wanted to know if Plaintiff was guilty or not guilty. Plaintiff felt intimidated and pled guilty. It is not clear if this "Lieutenant" is Defendant Ybarra.

Assuming that this Lieutenant *is* Defendant Ybarra, Plaintiff fails to state any facts that would support a failure to protect claim against him.

    3.    <u>Eighth Amendment- Medical Care</u>

Although Plaintiff only alleges excessive force and failure to protect, the Court will also set forth the standard for deliberate indifference to a serious medical need in the event that Plaintiff chooses to amend his complaint.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th

Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

## D. CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against Defendants Molina, Aguinaga, Hernandez and Ramirez. It does not state any further claims against any Defendants. Accordingly, all other claims, in addition to Defendants Ho, Redding, Dias and Ybarra, are DISMISSED.

IT IS SO ORDERED.

Dated: **February 3, 2014**          /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE