# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MOLINA, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00647 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA<br><br>(Document 19) |

Plaintiff Vincent Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013. The action is currently in discovery.

On May 9, 2014, Plaintiff filed a request for the issuance of a subpoena duces tecum directing the California Institution for Men and Pleasant Valley State Prison to produce custody records, medical records, booking records, housing records and transfer records. Plaintiff also requests incident reports, personal alarm recordings, transmitted messages from correctional officers and CDCR inmate tracking slips for inmates housed at Pleasant Valley from July 2012 to the present.

As an initial matter, Plaintiff states that he needs these records to comply with the Court's initial disclosure requirement. However, Plaintiff need not conduct discovery to obtain documents for disclosure. Plaintiff is only required to produce relevant documents in his possession. Property is deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. 2007).

1

Second, Plaintiff would not be entitled to a subpoena at this time. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

Here, some of the documents requested may be available to Plaintiff. To the extent that they are not, Plaintiff has not yet requested the documents from Defendants. The Court will not issue a subpoena unless Plaintiff is unable to obtain the documents through the methods above.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **May 19, 2014**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE