# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MOLINA, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00647 LJO DLB PC<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR STAY OF DISCOVERY<br><br>(Document 30) |

     Plaintiff Vincent Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013. The action is proceeding against Defendants Molina, Aguinaga, Hernandez and Ramirez for excessive force in violation of the Eighth Amendment.

     According to the waivers filed with the Court, Defendants were served on or about March 27, 2014. Defendants filed their answer on April 23, 2014.

     The Court issued a Discovery and Scheduling Order on April 25, 2014. The order required the parties to exchange initial disclosures by June 9, 2014.

     On May 2, 2014, Defendants moved for reconsideration of the initial disclosure requirement. The motion was denied on May 30, 2014, and the Court ordered the parties to exchange initial disclosures within thirty (30) days.

On June 30, 2014, Defendants filed a motion for summary judgment based on exhaustion. Defendants also filed a request to stay discovery pending resolution of the motion.

## **DISCUSSION**

Defendants cite <u>Albino v. Baca</u> in support of their request. In <u>Albino</u>, the Ninth Circuit recognized that the Court may, in its discretion, limit discovery to evidence concerning exhaustion where a challenge to exhaustion is pending. <u>Albino v. Baca</u>, 747 F.3d 1162, 1170 (9th Cir. 2014). Indeed, the Court enjoys "wide discretion in controlling discovery." <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1989).

The Court agrees that in certain circumstances, an order limiting discovery may be warranted. Here, however, Defendants seek a stay of *all* discovery. In Defendants' view, they "have provided Plaintiff with all the information which would relate to a response" to the motion for summary judgment. Mot. 2. The Court cannot accept Defendants' unilateral statement that Plaintiff has all documents necessary to oppose summary judgment.

Moreover, Defendants have delayed in requesting a stay. While the Court would not expect a request to stay be filed immediately after the issuance of the discovery order, it is reasonable to require Defendants to file a request sooner rather than later. In this case, the discovery order issued on April 25, 2014. Rather than begin the discovery process, Defendants filed a motion for reconsideration, even though the initial disclosure requirement has been upheld in every case where it has been challenged. The Court denied the motion on May 30, 2014, and Defendants then waited until the expiration of the time to serve initial disclosures to make the instant request.

Under these circumstances, the Court will not stay discovery and permit additional delay. If discovery becomes unduly burdensome, the parties may move for a protective order. Fed. R. Civ. Proc. 26(c)(1).

**ORDER**

Defendants' request for stay is therefore DENIED.  The parties must exchange initial disclosures within fifteen (15) days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**July 3, 2014**__              /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE