**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. MOLINA, et al.,<br><br>    Defendants. | 1:13-cv-00647 LJO DLB PC<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING RE: REQUEST FOR STAY OF DISCOVERY (Doc. 32)** |

## I. INTRODUCTION

Plaintiff Vincent Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013. Doc. 1. On February 3, 2014, the Magistrate Judge found that the complaint stated a cognizable Eighth Amendment excessive force claim against Defendants A. Molina, D. Aguinaga, J. Hernandez, and R. Ramierez ("Defendants"). Doc. 10.

On April 25, 2014, the Magistrate Judge issued a Discovery and Scheduling order, requiring the parties to exchange initial disclosures by June 9, 2014. Doc. 16. On May 2, 2014, Defendants moved for reconsideration of the initial disclosure requirement, arguing, among other things, that the Discovery and Scheduling order, similar versions of which have been issued in numerous cases, constituted an improper attempt to modify Federal Rule of Civil Procedure 26(a)(1)(B)(iv)'s exemption from the initial disclosure requirement for actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Doc. 17 at 2-3. On May 30, 2014, this Court denied the motion for reconsideration and simultaneously extended the deadline for filing initial disclosures by ordering the parties to do so "within thirty (30) days of service" of the order denying Defendants' first motion for reconsideration. Doc. 28.

On June 30, 2014, Defendants filed a motion for summary judgment based upon exhaustion,

along with a request to stay all discovery pending resolution of the summary judgment motion. Docs. 29 & 30. The Magistrate Judge denied the request for a stay. Doc. 31.

## II. <u>ANALYSIS</u>

For nondispositive pretrial matters, a party may seek reconsideration of a magistrate judge's order by the district judge. Fed. R. Civ. P. 72(a); E.D. Cal. Local Rule 303(c). The district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Defendants first argue that the Magistrate Judge erred by "concl[uding] that Defendants delayed in requesting a stay 'until expiration of the time to serve initial disclosures.' " Doc. 32 at 3 (citing Doc. 31 at 2). Defendants presume that the Magistrate Judge concluded that the stay request was untimely and relied upon that conclusion to deny their motion for a stay. Doc. 32 at 3. Defendants are correct that the stay request was timely filed,[1] but the Magistrate Judge did not find otherwise or rely upon a finding that the stay request was untimely. Rather, the Magistrate Judge merely pointed out, correctly, that Defendants waited until close to the expiration of the period for exchanging initial disclosures to file their request for a stay of all discovery.

The Magistrate Judge also noted the fact that Defendants requested reconsideration of the initial Discovery and Scheduling Order, despite the fact that similar initial disclosure requirements have been upheld on numerous other occasions. Doc. 31 at 2. Defendants presume that the Magistrate Judge considered the motion for reconsideration to be an "<u>improper</u> delay." Doc. 32 at 3 (emphasis added). But, no suggestion of impropriety is made in the Magistrate Judge's ruling, which merely concludes that the reconsideration motion contributed to delay. Doc. 31 at 2.

At the heart of the Magistrate Judge's ruling is the legitimate concern that discovery may reveal documents relevant to the motion for summary judgment in addition to those attached thereto by

---

[1] This Court's May 30, 2014 Order afforded the parties 30 days from service of that Order to exchange initial disclosures. Doc. 28. Defendants request for a stay, filed June 30, 2014, was filed within the 30 day window, especially in light of the three day grace period afforded by Fed. R. Civ. P. 6(d).

Defendants. This Court believes the Magistrate Judge acted within its discretion to warn Defendants that their motion for summary judgment may be denied on procedural grounds if discovery is completely stayed. The Magistrate Judge possesses "wide discretion in controlling discovery." *Little v. City of Seattle*, 863, F.2d 681, 685 (9th Cir. 1989). Defendants have pointed to no clear error in the Magistrate Judge's reasoning or conclusions.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **July 21, 2014**             /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE