# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. MOLINA, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00647 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br>(Document 29)<br><br>THIRTY-DAY OBJECTION DEADLINE |

   Plaintiff Vincent Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013.  The action is proceeding against Defendants Molina, Aguinaga, Hernandez and Ramirez for violation of the Eighth Amendment.[1]

   Defendants filed their answer on April 23, 2014, and the Court issued a Discovery and Scheduling Order on April 25, 2014.

   On June 30, 2014, Defendants filed the instant motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.[2]  Plaintiff opposed the motion on July 23, 2014, and Defendants filed their reply on August 6, 2014.  On August 21, 2014, Plaintiff filed a "Supplemental Addendum" to his opposition.

   The motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] On February 2, 2014, the Court dismissed the remaining claims and Defendants.

[2] Concurrent with their motion, Defendants provided Plaintiff with the requirements for opposing a summary judgment motion.  Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

1

**A. PLAINTIFF'S ALLEGATIONS**

The events at issue occurred while Plaintiff was incarcerated in Pleasant Valley State Prison ("PVSP").

Plaintiff alleges that on July 29, 2012, he got down off of the top bunk and reinjured his back. He went to the medical clinic and was told that he would be seen on July 31, 2012.

On July 31, 2012, Plaintiff saw Dr. Ho. At some point during the examination, Dr. Ho called for Defendant Molina. When Defendant Molina entered, Dr. Ho said that Plaintiff was done and could leave.

Plaintiff asked what he had done wrong and Defendant Molina told him to never mind and get on his feet, while grabbing his left arm. Molina yanked Plaintiff out of his chair by the left arm and bruises instantly appeared. Plaintiff yelled that he was in pain because of his back and he could not stand up. Plaintiff fell and sprawled out on the floor, landing on his right side and pinning his right arm under him. Molina still had Plaintiff's left arm and ordered Plaintiff to give him his right arm. As Plaintiff was trying to comply with the order, Molina pushed the alarm.

Defendant Aguinaga responded to the alarm and jumped on Plaintiff's back, without provocation. He grabbed Plaintiff's right leg and pulled it back while he was lying on Plaintiff's lower back. Plaintiff was still trying to give Molina his right arm and told Aguinaga that he was hurting him. Plaintiff was in so much pain that he began to throw up.

Defendant Ramirez responded to the alarm and yelled, "Don't spit on me!" Compl. 5. Ramirez immediately placed his boot on the side of Plaintiff's face and pushed down so hard that Plaintiff thought he was going to crush the side of his face. Plaintiff screamed out in pain and Ramirez yelled out for a spit mask. Ramirez then said, "hog tie-em!" Compl. 6.

Defendant Hernandez also responded to the alarm. He slid in next to Aguinaga and put his knee on Plaintiff' back. Plaintiff was screaming in pain and begging someone to help. All of the officers then hog-tied Plaintiff. Hernandez and Aguinaga grabbed Plaintiff's arms and bent them up behind his back and handcuffed him. Molina moved around to hold Plaintiff's legs while Ramirez smashed his boot on the left side of Plaintiff's face and put on the spit mask. Plaintiff's legs were then tied down and cuffed to his wrist with a linking chain. Plaintiff was lying on the floor, on his

stomach, with his arms and lefts in the air behind him.  Plaintiff was left in that position for ten minutes before Officer Redding responded to the alarm.

Officer Redding told the officers to move Plaintiff to a holding cell.  Ramirez took his boot off of Plaintiff's face and Molina and Aguinaga told Plaintiff to get up while laughing at him.  Ramirez, Aguinaga, Molina and Hernandez then lifted Plaintiff up, while he was still hog-tied, and dragged him to a holding cell.  They threw him into the holding cell on his stomach.  Officer Redding requested a wheelchair so that they could take Plaintiff to program office.  Ramirez came with the wheelchair and Molina and Aguinaga told Plaintiff to stand up, while still laughing at him.  Plaintiff said that he couldn't stand and was hurting badly.  Molina and Aguinaga lifted him up and Ramirez took him to the program office in the wheelchair.

**B.      LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Albino, 747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts."  Id.  The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim."  Id. at 1168, 1170.

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's

3

filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## C. **APPEALS PROCESS**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

To exhaust available remedies, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations.  Cal. Code Regs. tit. 15, § 3084.5.  The appeal must be submitted within thirty calendar days of (1) the occurrence of the event being appealed; (2) upon first having knowledge of the event; or (3) upon receiving an unsatisfactory departmental response to an appeal.  Cal. Code Regs. tit., § 3084.8(b).

An appeal may be cancelled if it is untimely.  Cal. Code Regs. tit. 15, § 3084.6(c)(4).  Once cancelled, the appeal shall not be accepted unless a determination is made that the cancellation was made in error or new information is received.  Cal. Code Regs. tit. 15, §§ 3084.6(e), 3084.6(a)(3).  A cancellation does not exhaust an appeal, though a cancellation at the Third Level may itself be appealed.  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.6(e).

## D. **ANALYSIS**

Defendants argue that Plaintiff submitted only one appeal to the Third Level of Review, but this review concerned allegations against other correctional officers.  In any event, the appeal was cancelled as untimely and Plaintiff did not appeal the cancellation.

The parties agree, and it is therefore undisputed, that Plaintiff initiated two inmate appeals with allegations of staff misconduct in 2012.  The Court will discuss each appeal separately.

### Log No. PVSP-C-12-02163

The following facts related to Appeal No. 12-02163 are undisputed.  Plaintiff filed Appeal No. 12-02163 on August 28, 2012.  The appeal was partially granted at the Second Level of Review on October 26, 2012, and delivered to Plaintiff on November 15, 2012.  On January 10, 2013, the

4

Third Level of Review cancelled the appeal because it was filed after the time limit for filing an appeal. Plaintiff did not appeal the cancellation. Zamora Decl. ¶¶ 10-13.

Plaintiff devotes most of his opposition and his supplemental opposition to explaining why he believes that Appeal No. 12-2163 was timely filed, i.e., that he placed it in the mail on November 29, 2012. However, the issue is not material because Appeal No. 12-02163 related to Plaintiff's allegation that he was "terrorized" at a disciplinary hearing by hostile Correctional Officers. ECF No. 29-3, at 12-26. Under "subject" of the appeal, Plaintiff wrote, "I was terrified at my 602 hearing." ECF No. 29-3, at 14. While the 602 hearing was related to charges stemming from the incident at issue in the complaint, and Plaintiff described the July 31, 2012, event in his appeal, Appeal No. 12-02163 was limited to events transpiring at the hearing and did not exhaust the issues in this action.

Plaintiff does not explain why he believes that Appeal No. 12-02163 exhausts the allegations of excessive force on July 31, 2012. In his supplemental opposition, he states that Defendants "agree that Plaintiff did file two inmate 602 complaints on CDCR Pleasant Valley Staff Employees for using excessive force and violence against the Plaintiff as alleged in the complaints to the CDCR and to this Court." ECF No. 39, at 3. However, the cited portion of Defendants' reply does not admit that the two appeals were related to excessive force and/or violence. Defendants state, "Johnson and Defendants agree that Johnson initiated two inmate appeals *with allegations of custodial staff's misconduct* in 2012." ECF No. 38, at 2.

Indeed, the finding that Appeal No. 12-02163 concerned the disciplinary hearing, and not the events at issue, is supported by the reference in the Second Level Response to "a staff complaint regarding the incident on July 31, 2012. . . Appeal log # of PVSP-C-12-02118." ECF No. 29-3, at 12.

Therefore, Appeal No. 12-02163 did not exhaust Plaintiff's claims and the Court need not analyze Plaintiff's arguments as to whether the appeal was timely filed at the Third Level of Review.

Log No. PVSP-C-12-02118[3]

It is undisputed that Appeal No. 12-02118 was filed on August 9, 2012, and alleges the use of excessive force on July 31, 2012, and inadequate medical care.

On November 19, 2012, Plaintiff received a letter from Inmate Appeals Office stating that his appeal was sent to the assigned reviewer of staff complaints for a Second Level Response. The letter further explained that Plaintiff would have fifteen days from date of receipt of the Second Level response to file at the Third Level of Review. ECF No. 34, at 25.

The Second Level Response was completed on December 4, 2012, and delivered to Plaintiff on December 14, 2012. ECF No. 34, 22, 27. The appeal was partially granted, with a finding that staff did not violate CDCR policy. The notice also explained that Plaintiff must file with the Third Level to exhaust. ECF No. 34, at 28.

Finally, it is undisputed that Plaintiff did not complete the section of the appeal form indicting that he was dissatisfied with the Second Level Review. ECF No. 34, at 22. There is also no indication on the appeal form that it was received at the Third Level, nor does any party submit a decision from the Third Level of Review. ECF No. 34, at 22.

Defendants have therefore met their burden, as the moving party, by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Albino, 747 F.3d at 1172.

The burden now shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion. Id.; Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

According to Plaintiff's declaration, he submitted the appeal to the Chief Inmate Appeals Office for Third Level Review on December 15, 2012. Pl.'s Decl. ¶ 2. In his declaration, Plaintiff cites to Exhibit B, which is the appeal form discussed above, as proof. Again, however, the appeal form shows that Plaintiff did not fill-out the section indicating that he was not satisfied with the Second Level Review.

---

[3] For reasons that are not immediately apparent to the Court, Defendants failed to bring this appeal, which deals directly with the events at issue, to the Court's attention in their motion. Defendants address this appeal only after Plaintiff cites it in his opposition.

Plaintiff also provides a proof of service, dated December 15, 2012, to support his claim. ECF No. 34, at 42. However, while the proof of service lists the "Case No." as "PVSP-C-12-02118," it indicates that the documents sent were related to PVSP-C-12-0-02163. ECF No. 42, at 44.

Defendants dispute Plaintiff's contention that he submitted Appeal No. 12-02118 to the Third Level on December 15, 2012. To support their argument, they submit a copy of the PVSP mail log from November 1, 2012, to February 1, 2013. Herrera Decl. ¶ 3, Ex. A. The log does not show any documents sent between December 15, 2012, and February 1, 2013.[4]

Therefore, other than Plaintiff's statement in his declaration, there is absolutely no evidence that Plaintiff submitted Appeal No. 12-02118 to the Third Level Review. In fact, Plaintiff's own cited evidence does not support his statement, as discussed above. In both his opposition and his supplemental opposition, Plaintiff fails to explain the discrepancies in his evidence. For example, Plaintiff does not explain why, unlike the form in Appeal No. 12-02163, he did not complete the section indicating that he was dissatisfied with the Second Level Review.

To meet his burden, Plaintiff must "designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Here, however, Plaintiff's statement in his declaration, where his cited evidence not only doesn't support his claim but contradicts it, is not sufficient to meet his burden. This is especially true when combined with Defendants' evidence and the lack of *any* Third Level response, even a response indicating that Plaintiff's appeal was untimely. Zamora Decl. ¶ 9, Ex. A.

Accordingly, the Court finds that Plaintiff has failed to carry his burden showing that exhaustion was excused, and that the undisputed facts show that his claims are unexhausted.

///

///

///

---

[4] The log shows a mailing sent to the Chief Inmate Appeals Office on December *14*, 2012, but this was related to Plaintiff's Appeal No. 12-02163. Herrera Decl., Ex. A. Indeed, Appeal No. 12-02163 was received in the Chief Inmate Office of Appeals on December 17, 2012. Zamora Decl., Ex. A.

### E. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed on June 30, 2014, be GRANTED; and

2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2014**               /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE

8